IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA SCHOUPPE, | : | No. 3:18cv479 |
|     Plaintiff | : | |
| | : | (Judge Munley) |
|     v. | : | |
| | : | |
| KIRBY UPRIGHT d/b/a | : | |
| LAMPLIGHTER ASSOCIATES, and | : | |
| LAMPLIGHTER ASSOCIATES OF GP, | : | |
|     Defendants | : | |
| | : | |
|     v. | : | |
| | : | |
| BLAKESLEE POST OFFICE, and | : | |
| U.S. POST OFFICE, | : | |
|     Additional Defendants | : | |

## **MEMORANDUM**

Before the court is a motion to dismiss (Doc. 3) the third-party joinder complaint (hereinafter referred to as "the third-party complaint") (Doc. 1-1). Original defendants, Kirby Upright d/b/a Lamplighter Associates, and Lamplighter Associates of GP (hereinafter referred to collectively as "Upright"), filed the third-party complaint against additional defendants, Blakeslee Post Office and U.S. Post Office (hereinafter referred to as "the United States" or "the government")[1] in the Court of Common Pleas for Monroe County, Pennsylvania. In response, the

---

[1] The United States is the only proper additional defendant in this case. See Kieffer v. Vilk, 8 F. Supp. 2d 387, 393 (D.N.J. 1998), citing McKenith v. United States, 771 F. Supp. 670 (D.N.J. 1991) (holding [that the Federal Tort Claims

United States removed the case to this court and filed a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. This matter has been fully briefed and is ripe for disposition.[2]

In August 2017, plaintiff filed the instant case in the Monroe County Court of Common Pleas. Plaintiff Schouppe sues for injuries suffered in a slip and fall on ice at the Blakeslee Post Office. Defendant owns the land where the post office is located and rents it to the government. Plaintiff sued Upright but not the United States or any government entity.[3] Upright filed a third-party complaint on December 26, 2017, joining Blakeslee Post Office and U.S. Post Office as additional defendants in the litigation, (Doc. 1-1), alleging claims for indemnification and contribution. The United States removed the case to this court on February 27, 2018, (Doc. 1), pursuant to 28 U.S.C. § 1442(a)(1):

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against or

---

Act] "does not provide this court with subject matter jurisdiction over any other defendant but the United States. Indeed, as a matter of law, the United States Postal Service is never a proper defendant in a tort action."); Dilg v. U.S. Postal Service, 635 F. Supp. 406, at 407 (D.N.J. 1985) ("[T]he United States is the only proper defendant in a suit for personal injuries arising out of the negligence of [F]ederal employees.)

[2] Upright filed a request for oral argument, (Doc. 9), which we granted and argument was held on June 4, 2018.

[3] The entire Monroe County Court of Common Pleas record, No. 2017-CIV-06240, is not before us. Document 1-1 is the removal complaint.

>directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
>(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. §1442(a)(1).

The United States then filed a motion to dismiss the third-party complaint for lack of subject matter jurisdiction, FED. R. CIV. P. 12(b)(1), bringing the case to its current posture.

**Standard of review**

The United States moves to dismiss plaintiff's third-party complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Rule 12(b)(1) provides that a court may dismiss a complaint for "lack of subject-matter jurisdiction."

A motion to dismiss pursuant to Rule 12(b)(1) contests the court's authority to hear and decide the case. Federal courts are courts of limited jurisdiction; accordingly, every case begins with the presumption that the court lacks jurisdiction to hear it. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). In a Rule 12(b)(1) motion, the party invoking jurisdiction has the burden of demonstrating that subject matter jurisdiction exists. See Thomson v. Gaskill, 315 U.S. 442, 446 (1942). "[N]o presumptive truthfulness attaches to

plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

**Jurisdiction**

As explained in our reasoning below we find that we lack subject matter jurisdiction to hear the case at this time.

**Discussion**

The United States removed this case from state court under 28 U.S.C. § 1442(a)(1) and now moves to dismiss the action. In support of its motion the United States asserts that, pursuant to the derivative jurisdiction doctrine, this court lacks subject matter jurisdiction over Upright's claims raised against the government in the third-party complaint. Essentially, the United States argues that the state court lacked jurisdiction to entertain that claim because it was brought under the Federal Tort Claims Act (hereinafter referred to as "the FTCA"). Claims brought under the FTCA are subject to federal jurisdiction exclusively. 28 U.S.C. §§ 1346(b)(1); 2679(b)(1); Clinton Cnty. Comm'rs v. EPA, 116 F.3d 1018, 1021 (3d Cir. 1997).

Upright does not contend that the state court had jurisdiction to hear his FTCA claim. Instead, he first argues that he "could not control where the suit

4

was initiated, nor would the suit have been proper to have been brought in federal court with the original parties alone." (Doc. 8 at 3-4, orig. def. Upright br. in opp'n). While we agree with Upright in this regard, it is not dispositive of the instant motion. Meanwhile, the government's argument is dispositive.

The derivative jurisdiction doctrine applies to cases removed pursuant to 28 U.S.C. § 1442(a)(1). Under this doctrine when a case is removed from state court to federal court, the federal court derives jurisdiction from the state court. Thus, where the state court lacks jurisdiction to hear a case, and that case is subsequently removed to federal court, then the federal court also lacks jurisdiction to hear it. Notwithstanding a state court's lack of jurisdiction, the United States can properly remove such a case to federal court:

> Under 28 U.S.C. § 1442(a)(1), the United States may remove an action to the district court whenever the action is brought in the state court against it, a federal agency, or a federal officer. Removal is permitted regardless of whether the action is removable under 28 U.S.C. § 1441, the general removal statute. When a case is removed under § 1442(a)(1), the jurisdiction of the federal court is derivative of that of the state court. If the state court lacked subject matter jurisdiction, the federal court lacks jurisdiction even if the federal court would have had jurisdiction had the action been initiated in this forum.

Selvaggio v. Horner, 42 F. Supp. 3d 732, 733-34 (E.D. Pa. 2014) (citing Lambert Run Coal Co. v. Baltimore & O.R. Co., 258 U.S. 377, 382 (1922); Palmer v. City Nat'l Bank, 498 F.3d 236, 245-48 (4th Cir. 2007)).

In Selvaggio, the United States District Court for the Eastern District of Pennsylvania considered similar arguments to those before us in a case that is

5

directly on point. There, Plaintiff Denise Selvaggio sued William and Margaret Horner alleging injuries sustained in a slip and fall on Horners' land, which was leased to the post office in Nottingham, Pennsylvania. Id. at 733. The action was commenced by a complaint filed in the Chester County Court of Common Pleas. Id. The Horners then filed a third-party complaint in state court against the United States under the FTCA seeking indemnification and contribution. Id. There, as here, the United States under the FTCA removed the case under section 1442(a)(1) and then moved to dismiss the third-party complaint under Rule 12(b)(1). Id. The Selvaggio court granted the United States' motion to dismiss the third-party complaint for lack of subject matter jurisdiction, and remanded the remainder of case to the Chester County Court of Common Pleas. Id. at 735.

In Selvaggio, the state court lacked jurisdiction to adjudicate an action against the United States for negligence at a post office, because such a claim is within the exclusive jurisdiction of the federal courts under the FTCA. Id. at 734 (citing 28 U.S.C. §§ 1346(b)(1); 2679(b)(1)). Upon removal, the federal court had the same jurisdiction that the state court had to hear the FTCA claim, which was none. Id. Similarly, in the instant case the state court had no jurisdiction. Thus, this court also has no jurisdiction.

**Conclusion**

After a careful review, we conclude that this court lacks subject matter jurisdiction pursuant to the derivative jurisdiction doctrine. Thus, we will grant the government's motion to dismiss. An appropriate order follows.[4]

                                        **BY THE COURT:**

**Date: June 7, 2018**                    **James M. Munley**
                                                **JUDGE JAMES M. MUNLEY**
                                                **United States District Court**

---

[4] This decision is without prejudice to Schouppe or Upright filing in this court a timely action against the United States under the FTCA.